UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ANN S. BROWN

                                          CIVIL ACTION
VERSUS

                                          NUMBER 11-620-BAJ-SCR
LOUISIANA STATE SENATE, ET AL


**RULING ON DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Before the court is the Defendants' Motion to Compel Answers to Interrogatories and Request for Production of Documents and Initial Disclosures filed by defendants Joel T. Chaisson, II and the State of Louisiana through the Louisiana State Senate. Record document number 15. No opposition has been filed.

Defendants' motion shows that despite a deadline of March 28, 2012, the plaintiff failed to make her initial disclosures.[1] Defendants served the plaintiff with their First Set of Interrogatories and Requests for Production of Documents on March 29, 2012.[2] As of the time of filing this motion the plaintiff had also failed to provide any answers or documents in response to these discovery requests. Despite the defendants' repeated efforts to obtain the disclosures and discovery responses,[3] the plaintiff still has not fulfilled any of her discovery obligations. Nor has

---

[1] Record document number 13, item B.

[2] Record document number 15-2, exhibit A.

[3] Record document number 15-3, exhibit B, and record document number 15-4, exhibit C.

Case 3:11-cv-00620-BAJ-SCR   Document 18   11/20/12   Page 1 of 3

the plaintiff responded to this motion or otherwise furnished any information indicating when the disclosures/discovery responses will be provided. In these circumstances, under Rule 37(b) and (d)(1)(A), Fed.R.Civ.P., the defendants are entitled to an order compelling the plaintiff to respond and imposing sanctions. Plaintiff will be required to provide the initial disclosures, answer the interrogatories, and produce responsive documents for inspection and copying within 14 days. No objections will be allowed.[4] Rule 37(d)(3) incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi). However, other than recovery of the expenses incurred in filing the motion the defendants did not seek additional sanctions.

With regard to the recovery of expenses, under Rule 37(d)(3) the court must require the party failing to act, or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust. Defendants' motion shows that a good faith attempt was made to obtain the disclosures and discovery responses without court action. Plaintiff never responded to this motion or otherwise offer any explanation for the failure to cooperate and

---

[4] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

Case 3:11-cv-00620-BAJ-SCR   Document 18   11/20/12   Page 2 of 3

provide her discovery.  Nothing in the record indicates that the plaintiff's failure was substantially justified or any circumstances that would make an award of expenses unjust. Therefore, the defendants are entitled to reasonable expenses under Rule 37(d)(3).  Defendants did not claim a specific amount for the time expended in filing this motion.  However, a review of the motion and memorandum supports  the conclusion that an award of $250.00 is reasonable.

Accordingly, the Defendants' Motion to Compel Answers to Interrogatories and Request for Production of Documents and Initial Disclosures is granted.

Plaintiff shall serve the initial disclosures, answers to interrogatories, and produce for inspection and copying all documents responsive to the defendants' requests for production, without objections, within 14 days.  Pursuant to Rule 37(d)(3), the plaintiff is also ordered to pay to the defendants, within 14 days, reasonable expenses in the amount of $250.00.

Baton Rouge, Louisiana, November 20, 2012.


_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

3