UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANN S. BROWN | CIVIL ACTION |
| VERSUS | NO. 11-620-SDD-SCR |
| LOUISIANA STATE SENATE AND JOEL T. CHAISSON, II, individually and in his official capacity as President of the Louisiana Senate | |

### RULING

This matter is before the Court on the *Motion for Summary Judgment* filed by the Defendants, Louisiana State Senate and Joel T. Chaisson ("Chaisson") on June 25, 2013.[1] The parties were issued a briefing notice[2] wherein Plaintiff was advised that an opposition was due within 21 days of the date of the motion in accordance with Local Rule 7.4.[3] Plaintiff moved for an extension of time to file an opposition,[4] which was granted by the Court allowing Plaintiff an additional 21 days to file her opposition.[5] Plaintiff again moved for an extension of time to file an opposition, arguing: "This is a complex matter. Plaintiff's counsel has been diligent, but requires

---

[1] Rec. Doc. No. 20.

[2] Rec. Doc. No. 21.

[3] Rule 7.4 provides: Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion. Memoranda shall contain a concise statement of reasons in opposition to the motion, and a citation of authorities appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

[4] Rec. Doc. No. 22.

[5] Rec. Doc. No. 23.

an additional extension of time."[6] The Court again granted Plaintiff's motion allowing Plaintiff an additional 14 days; however, the Court advised Plaintiff that no further extensions would be granted.[7] Thus, Plaintiff was given 56 days to file an opposition to Defendants' motion, the final deadline being August 21, 2013.

On August 22, 2013, the day <u>after</u> the final deadline issued by the Court, Plaintiff filed *Plaintiff's Statement of Facts in Opposition to Motion for Summary Judgment*.[8] Attached as exhibits to this document are Plaintiff's *Affidavit* and Plaintiff's personnel records and EEOC documents. This *Opposition* contains no argument, no discussion of relevant facts, and cites no case law in support of Plaintiff's position. There is simply no justification that this "opposition," which fails to comply with Local Rule 7.4 and was still untimely after two extensions, required 56 days of preparation. Furthermore, the *Opposition* contains mostly conclusory statements and allegations supported only by Plaintiff's subjective beliefs.

In the Defendants' *Motion for Summary Judgment*, Defendants argue that Plaintiff's claims under 42 U.S.C. § 1983 are time barred, that any claims against the Senate or Chaisson in his official capacity are barred by the Eleventh Amendment of the United States Constitution, and that Plaintiff cannot bear her burden of proving Section 1983 claims against Chaisson in his individual capacity, assuming this claim is timely.[9] Chaisson also claims Plaintiff has no Title VII claim against him as he was not her employer, that her Title VII claims are untimely, and that Plaintiff cannot make a

---

[6] Rec. Doc. No. 24.

[7] Rec. Doc. No. 25.

[8] Rec. Doc. No. 26.

[9] Rec. Doc. No. 20-9, p. 1.

*prima facie* case for discrimination or retaliation under Title VII.[10]  Finally, Defendants contend Plaintiff cannot carry her burden of proving a Fourteenth Amendment violation under the law.[11]

Plaintiff's *Opposition* fails to address <u>any</u> of these arguments.  Plaintiff does not explain to the Court why her claims are timely, why the doctrine of sovereign immunity does not apply in this case, and does not address how she has satisfied a *prima facie* case of race discrimination and retaliation or how she has been denied due process.

Accordingly, applying the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure, the Court finds that Plaintiff has failed to identify genuine issues of material fact in dispute in this matter.  Summary judgment shall be granted in favor of the Defendants, and Plaintiff's claims are dismissed with prejudice.[12]

*Judgment* shall be entered accordingly.

Baton Rouge, Louisiana, this 27 day of August, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[10] *Id.*

[11] *Id.*

[12] The Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and exercises supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.