# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ANN S. BROWN                                 CIVIL ACTION

VERSUS                                       NO. 11-620-SDD-SCR

LOUISIANA STATE SENATE
and JOEL T. CHAISSON

## RULING

This matter is before the Court on the *Motion for New Trial*[1] and the *Motion for an In Camera Hearing*[2] filed by Plaintiff, Ann S. Brown.  Defendants Louisiana State Senate and Joel Chaisson have filed an *Opposition*[3] to the motion.   Plaintiff moves the Court to vacate its previous *Ruling*[4] and *Judgment*,[5] arguing that "[t]he Judgment is contrary to law and not supported by the evidence."[6] Plaintiff also contends Plaintiff's counsel was ill and "physically unable to respond on behalf of the plaintiff."[7]  Plaintiff further suggests she

---

[1] Rec. Doc. No. 29.

[2] Rec. Doc. No. 30.

[3] Rec. Doc. No . 34.

[4] Rec. Doc. No. 27.

[5] Rec. Doc. No. 28.

[6] Rec. Doc. No. 29, p.1.

[7] *Id.*

should be given the opportunity to obtain new counsel and respond to Defendants' *Motion for Summary Judgment*.[8]  The Defendants oppose this motion, arguing Plaintiff has failed to satisfy the requirements under Rule 59 of the Federal Rules of Civil Procedure for a new trial.  The Defendants further contend Plaintiff's counsel could have made the parties and the Court aware of his illness or special circumstances several months ago in time to allow Plaintiff to obtain new counsel and prosecute her case.

## I.   Motion for New Trial under Rule 59

When a party seeks reconsideration of an order granting an opponent's motion for summary judgment, "the proper vehicle for doing so is a Rule 59(e) motion to alter or amend judgment, rather than a motion for new trial" under Rule 59(a).[9]  Accordingly, Plaintiff's motion will be considered under the standards governing Rule 59(e) motions.

A motion under Rule 59 "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[10]  Rather, Rule 59(e) serves the purpose of correcting manifest errors of law or fact, or presenting newly discovered evidence.[11]  " 'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[12]

---

[8] Rec. Doc. No. 20.

[9] *Corey v. Deepwater Specialists, Inc.*, No. 10-3354, 2013 WL 2422764 (E.D. La. June 3, 2013), citing *Alexander v. Prudential Fin., Inc.*, No. B-05-267, 2006 WL 2880455, at *1 (S.D. Tex. Oct. 10, 2006)(citing *St. Paul Mercury Ins. Co. v. Fairgrounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)).

[10] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)).

[11] *St. Paul Mercury Ins. Co. v. Fairgrounds Corp.*, 123 F.3d at 339; *Sawhney v. TD Ameritrade, Inc.*, No. 09–7651, 2010 WL 5057413, at *1(E.D. La. Dec. 2, 2010).

[12] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir.2004)(quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir.2004)).

The Fifth Circuit has held that altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[13]  "A Rule 59(e) motion should not be used to re-litigate prior matters that ... have been resolved to the movant's dissatisfaction."[14] While the district courts do have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment,"[15] denial of Rule 59(e) motions to alter or amend is favored.[16]

### A.    Manifest Error

Plaintiff makes the blanket assertion that the Court's previous *Judgment* is "contrary to law and not supported by the evidence."[17] This statement is made without any reference to the Court's alleged errors or any explanation why the evidence and jurisprudence relied upon by the Court is erroneous.  Plaintiff also fails to provide any factual, evidentiary, or jurisprudential authority to support her claim that the Court's previous *Ruling* and *Judgment* "amount to a complete disregard of the controlling law."  It was, in fact, Plaintiff's failure to even argue the law, or challenge the evidence and jurisprudence presented by the Defendants, which contributed to the dismissal of this case.  The Court finds Plaintiff has failed to show manifest error in the Court's previous *Ruling* and *Judgment*.

### B.    Newly Discovered Evidence

For the first time since this litigation began in September of 2011, Plaintiff's counsel

---

[13] *Templet*, 367 F.3d at 479 ( citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463,465 (E.D.La.2000)).

[14] *Voisin v. Tetra Techs., Inc.*, No. 08–1302, 2010 WL 3943522, at *2 (E.D.La.Oct.6, 2010).

[15] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995).

[16] *See S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir.1993).

[17] Rec. Doc. No. 29, p. 1.

has advised the Court that his illness prevented him from properly responding to the Defendants' *Motion for Summary Judgment.*  This does not constitute "newly discovered evidence" under the law.  To the extent that counsel is arguing "excusable neglect," which is not an appropriate inquiry under Rule 59(a), the Court finds that Plaintiff's argument still fails.

Under a Rule 60(b) analysis, a court "has considerable discretion in determining whether a moving party has established excusable neglect."[18]  Furthermore, if the basis for the excusable neglect is attributable solely to the negligence or carelessness of the party's attorney, "then it would be an abuse of discretion for the court to reopen the case and to consider the evidence."[19]  Also, "the mistakes of counsel, who is the legal agent of the client, are chargeable to the client, no matter how 'unfair' this on occasion may seem."[20]  While "the illness of an attorney can support a finding of excusable neglect, ... [m]ost courts have held, however, that the illness must be totally debilitating, at least temporarily, for a finding of excusable neglect to be warranted."[21]  Furthermore, "[t]he fact that an attorney performed some litigation tasks during his illness is often taken to show that the illness was not incapacitating."[22]

The alleged "new evidence," which the Court presumes is counsel's *Affidavit*

---

[18] *Mason v. AAA Insurance Company, et al*, No. 07-9483, 2009 WL 2448004 (E.D.La. Aug. 10, 2009).

[19] *Id.* at *3, citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[20] *Id.*, quoting *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985).

[21] *Lynn v. West*, No. 2:94CV00577, 2000 WL 1229752, at *3 (M.D.N.C. 2000)(citing *Islamic Republic of Iran v. Boeing*, 739 F.2d at 465).

[22] *Id.* (citations omitted).

regarding his illness, could have been submitted to the Court with either of Plaintiff's **two** requests for extension of time to oppose the summary judgment motion.  At no time during the pendency of this motion did Plaintiff's counsel advise the Court that a medical condition was the cause for missing deadlines or failing to properly represent his client.  Arguably, the fact that counsel continued to perform legal work, such as requesting extensions of time and filing briefs with the Court, belies that counsel's illness was sufficiently debilitating. Courts have held that, under an excusable neglect standard, the illness of counsel "may amount to extraordinary circumstances when the illness is so physically and mentally disabling that counsel is unable to file the appeal and is not reasonably capable of communication to co-counsel his inability to file."[23]  Clearly, Plaintiff's counsel's illness was not so severe that he was unable to communicate with the Court.

A similar argument was raised in *Curtis v. United States Postal Service* where counsel claimed his illness prevented him from properly effecting service of process on the defendant.[24]  The *Curtis* court noted that "[i]f Curtis's counsel's health problems were so severe that 'scheduling burdens became impossible to meet,' he should have withdrawn from representation of Mr. Curtis (and all his other clients), or arranged for co-counsel to monitor his docket during his illness."[25]  The court relied on *Vannoni v. TSO*, a decision from the Eastern District of Pennsylvania, which stated:

---

[23] *Huggins v. United States Dept. of Agriculture*, No. 93-603, 1993 WL 541943 (Dec. 20, 1993)(citing *Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir. 1984), *cert. denied*, 470 U.S. 1053 (1985)).

[24] No. 92-2848, 1993 WL 278449 (E.D. La. July 15, 1993).

[25] *Id.*, *2.

Doc 539                                                    5

> The plaintiffs in the instant case offer us no more than the bare allegation of their counsel's illness as the "good cause" which should prevent dismissal. They have neither explained the nature of that illness or how that illness contributed to an impossibility to make service. Plaintiff's counsel, well or ill, is under a duty to represent his client competently. ... Surely an illness so serious as to prevent so unstrenuous an effort as service of a complaint should have prompted plaintiffs' counsel to withdraw from representation so that plaintiffs could secure counsel who would be in a position to represent their interests effectively.[26]

Adopting this reasoning, the *Curtis* court held that "[i]f counsel's April 1991 back injury was serious enough to prevent him from complying with Fed.R.Civ.P 4(d)(4) in late 1992, he should have withdrawn from this action. Counsel's illness does not constitute 'good cause' for purposes of [Rule] 4(j)."[27]

While the Court is sympathetic to Plaintiff's counsel's health concerns, the record reflects that Plaintiff was given fifty-six (56) days to file an opposition to the *Motion for Summary Judgment*. The Court finds that counsel had more than enough time to advise the Court, his client, and opposing counsel of his health problems. The fact that counsel continued to file motions with the Court during this time period reveals that he was not so incapacitated that he could not have advised the Court and his client of his health problems prior to the Court's ruling on the summary judgment motion.

## III.   Conclusion

The Court finds no basis for overturning the Court's previous *Ruling* and *Judgment* in favor of the Defendants. Therefore, Plaintiff's *Motion for New Trial*[28] and *Motion for In*

---

[26] *Id.* at *3, quoting *Vannoni*, 120 F.R.D. 501, 503-04 (E.D. Pa. 1988)(footnotes omitted).

[27] *Id.* at *3.

[28] Rec. Doc. No. 29.

*Camera Hearing*[29] are hereby DENIED.

**IT IS SO ORDERED.**

BATON ROUGE, Louisiana, this __11__ day of October, 2013.

_Shelly Dick_

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[29] Rec. Doc. No. 30.